IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WAYNE BARTOSIAKE, individually situated and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIMBO BAKERIES USA, Inc.,<br><br>Defendant. | Case No. 21-cv-04495<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Wayne Bartosiake brings this lawsuit against Bimbo Bakeries USA, Inc. ("Defendant") individually and on behalf of putative classes of Illinois, Arkansas, and Iowa consumers alleging they were deceived by the word "fudge" on the front label of Defendant's Chocolate Fudge Iced Cake (the "Product"). Plaintiff brings claims under the Illinois Consumer Fraud and Deceptive Business Practice Act ("ICFA"), 815 Ill. Comp. Stat. 505/2; Arkansas and Iowa consumer fraud laws; state law breaches of express and implied warranty of merchantability; the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301; and common law claims for negligent misrepresentation, fraud, and unjust enrichment. Plaintiff also requests class-wide injunctive relief.

Defendant has moved to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and under Federal Rule of Civil Procedure 12(b)(1),

1

arguing that Plaintiff lacks standing to assert injunctive relief. For the reasons stated herein, Defendant's Motion to Dismiss [11] is granted.

## BACKGROUND

The following factual allegations taken from the operative complaint (Dkt. 1, "Compl.") are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

The front packaging of Defendant's Product, made under the Entenmann's brand, states "Chocolate Fudge" in large letters and "Iced Cake" directly below in slightly smaller letters. Plaintiff claims that the cake "purport[s] to be iced with chocolate fudge," and that the term "fudge" is misleading because it "gives consumers the impression the Product contains a greater relative and absolute amount of fudge than it does." (Compl. ¶¶ 1–2). Plaintiff alleges that a reasonable consumer expects the term "fudge" to contain a non-*de-minimis* relative amount of dairy ingredients, like milk and butter, instead of vegetable oils and whey. (*Id.* ¶47).

A copy of the packaging (as it appears in the complaint) is reproduced below:



2

Plaintiff expects the "fudge" in the Product to be a traditional fudge made from sugar, butter, milk or cream, and chocolate. (*Id.* at ¶¶3–17). But the ingredients, listed on the back of the package, are "vegetable oil (soybean), vegetable shortening (palm, soybean), and whey." (*Id.* at ¶41). According to Plaintiff, fudge's essential ingredients, butter and milk, are substituted by "lower quality and lower-priced vegetable oils and whey." (*Id.* at ¶40). Plaintiff alleges that he would not have paid as much for the Product if the front label were not false and misleading. (*Id.* at ¶84). In this suit, Plaintiff seeks to represent an Illinois class as well as a multi-state class of Iowa and Arkansas consumers. (*Id.* at ¶86).

## ANALYSIS

### I. Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014))); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins.*

*Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). On a facial Rule 12(b)(1) challenge, like a Rule 12(b)(6) challenge, this Court construes the Plaintiff's complaint in the light most favorable to the Plaintiff, accepts as true all well-pleaded facts, and draws reasonable inferences in his favor. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).

For fraud claims and claims of deceptive conduct under ICFA, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies. *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 738 (7th Cir. 2019). The plaintiff must "plead with particularity the circumstances constituting fraud" and allege the "who, what, when, where, and how" of the alleged conduct. *Id.*

## II. Analysis

### A. ICFA, State Consumer Fraud Acts, Fraud Claims

Defendant moves to dismiss, arguing that its label is not deceptive as a matter of law. The Court begins with the ICFA claim, since Defendant's argument seeking to dismiss that claim informs the Court's analysis of the entire class action complaint.

ICFA is "a regulatory and remedial statute intended to protect consumers against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 644, 646 (7th Cir. 2019) (cleaned up). To prevail on an ICFA claim, "a plaintiff must plead and prove that the defendant committed a deceptive or unfair act with the intent that others rely on the deception, that the act occurred in the course of trade or commerce, and that it caused actual damages." *Vanzant*, 934 F.3d at 736. Plaintiff must plead that "the relevant labels are likely to deceive reasonable consumers," which "requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Bell v. Publix Super Market, Inc.,* 982 F.3d 468, 474–75 (7th Cir. 2020) (quoting *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 972−73 (7th Cir. 2020)).[1]

---

[1] Defendant argues that Plaintiff lacks standing to seek injunctive relief, relying on *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 740 (7th Cir. 2014) (explaining that "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief.") (cleaned up). The Court agrees that under *Camasta*, Plaintiff has no imminent injury because he has already been deceived (allegedly) and "[r]aw 'allegations of possible future injury' are not enough." *Geske v. PNY Techs., Inc.*, 503 F. Supp. 3d 687, 703 (N.D. Ill. 2020) (citations omitted). Plaintiff's injunctive relief claim is dismissed for lack of standing.

5

"Consumer-protection laws do not impose on average consumers an obligation to question the labels they see and to parse them as lawyers might for ambiguities, especially in the seconds usually spent picking a low-cost product." *Id*. at 476. Indeed the "reasonable consumer standard does not presume, at least as a matter of law, that reasonable consumers will test prominent front-label claims by examining the fine print on the back label." *Id*. at 477. "[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified." *Id*.; *see also Ibarrola v. Kind, LLC,* 83 F. Supp. 3d 751, 756 (N.D. Ill. 2015) ("Although ICFA claims often involve disputed questions of fact not suitable to a motion to dismiss, a court may dismiss the complaint if the challenged statement was not misleading as a matter of law."); *Zarinebaf v. Champion Petfoods USA Inc.*, No. 18-cv-6951, 2019 WL 3555383, at *6 (N.D. Ill. July 30, 2019) ("[C]ourts routinely analyze whether statements like these are deceptive as a matter of law under the ICFA.").

Here, Plaintiff says he wanted to "purchase a product that contained fudge, understood as being comprised of a non-*de minimis* amount of milk fat ingredients, instead of mostly vegetable oils." (Compl. ¶ 95). Plaintiff alleges that "Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions." (*Id*. ¶96). Yet Plaintiff's own complaint alleges that fudge *can* contain vegetable oils: "the quality of fudge depends on the amount and type of fat-contributing ingredients," and "[t]he fat ingredients are typically from dairy *or* vegetable oils." (*Id*. at ¶¶18, 21, emphasis added). As

6

Defendant points out, at times Plaintiff appears to allege that the Product does not contain ("traditional") fudge, and other times, he claims that the Product uses lower *quality* fudge. (*see id.* ¶ 2 (the "representation is misleading because it gives consumers the impression the Product contains a greater *relative and absolute amount of* fudge than it does", and ¶ 39, "consumers believe fudge is present in an *amount* greater than is the case.") (emphasis added).

As Defendant argues, the label of this mass-produced product "does not make any explicit ingredient or recipe claim." (Dkt. 11-1 at 7).[2] Moreover, Plaintiff's complaint does not explain why a reasonable consumer would believe the word "fudge" refers only to the icing, not the entire cake. The front label does not say "Fudge Icing", "Iced with Fudge", or "Coated with Fudge." The consumer is purchasing a cake: "Chocolate Fudge Iced Cake." *See Bell*, 982 F.3d at 476 (explaining that a plaintiff's claims survive if plaintiff "plausibly alleged that the defendants' front labels likely lead a significant portion of reasonable consumers to falsely believe something that the back labels belie [and] the context of the entire packaging is relevant.").

Plaintiff relies on *Bell* but that case does not support his argument. *Bell* involved cheese products prominently labeled on the front "100% Grated Parmesan Cheese." 982 F.3d at 474. The Seventh Circuit concluded that "a plausible reading [] is that '100%' applies to all three words: it's all cheese; all the cheese is Parmesan, and it's

---

[2] Indeed in the supplemental authority filed by Defendant (Dkt. 23), the Court explained in a similar case: "Plaintiff fails to support that the average consumer would believe a fudge product must, of necessity, contain milkfat." *Reinitz v. Kellogg Sales Co.*, No. 21-CV-1239-JES-JEH, 2022 WL 1813891, at *3 (C.D. Ill. June 2, 2022).

7

all grated." *Id.* at 477. In addition, unlike here, the *Bell* plaintiffs alleged that they had conducted consumer surveys showing that consumers were misled by the label and also provided affidavits from linguists. *Id.* at 480. There is no "100%" (or any percentage) ingredient claim in this case. The front label makes no specific ingredient claim at all. It simply describes the entire product as "Chocolate Fudge Iced Cake." *See Zahora v. Orgain LLC*, No. 21 C 705, 2021 WL 5140504, at *4 (N.D. Ill. Nov. 4, 2021) ("A reasonable consumer would not read into the label what is simply not there."); *Bell,* 982 F.3d at 476 ("What matters most is how real consumers understand and react to the advertising.").

Plaintiff has not sufficiently pled that a reasonable consumer would be misled by the label, requiring dismissal of the ICFA claim. *See Rice v. Dreyer's Grand Ice Cream, Inc.*, No. 21 C 3814, 2022 WL 3908665, at *5 (N.D. Ill. Aug. 30, 2022) ("Because the product is not deceptively labeled, [plaintiff's] ICFA claim is dismissed."). Plaintiff's State Consumer Fraud Acts claims and the stand-alone common law fraud claim[3] similarly are based on a legally unreasonable interpretation of the Product's front label and do not survive the dismissal motion. *See Rice,* No. 21 C 3814, 2022 WL 3908665, at *5; *Reinitz*, No. 21-CV-1239-JES-JEH, 2022 WL 1813891, at *5 (because ICFA claim was dismissed, Arkansas and Iowa fraud statutes claims also did not survive); *see also Lederman v. Hershey Co.*, No. 21-

---

[3] *See* Compl. ¶ 101 ("Defendant intended that plaintiff and each of the other members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct."); *id.* ¶ 116 ("Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it contained fudge…instead of mostly vegetable oils.").

8

CV-4528, 2022 WL 3573034, at *5 (N.D. Ill. Aug. 19, 2022). Therefore Plaintiff's ICFA, fraud and state consumer fraud acts claims are dismissed.[4]

**B. Warranty and MMWA, negligent misrepresentation and unjust enrichment claims**

Defendant argues that Plaintiff's remaining claims all fail (Dkt. 11-1 at 13). The Court agrees.

Plaintiff's warranty claims are based on the same theory of deception as alleged in the ICFA claim. *See* Compl. ¶ 104 (the Product "expressly and impliedly warranted to [P]laintiff and class members that it contained fudge, understood as being comprised of a non-*de minimis* amount of milk fat ingredients, instead of mostly vegetable oils."). An express warranty claim requires that a seller: "(1) made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the basis for the bargain; and (4) guaranteed that the goods would conform to the affirmation or promise." *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 714 (N.D. Ill. 2020). A breach of implied warranty of merchantability occurs if the product is not "fit for the ordinary purposes for which such goods are used." 810 ILCS 5/2-314(2)(c). However Plaintiff does not sufficiently identify an actionable "affirmation of fact or promise." And Plaintiff does not allege that the cake is unfit to eat (its ordinary purpose). The Court's finding that a reasonable consumer would not be misled for purposes of the ICFA claim applies as well to the warranty claims. *See Reinitz*, No. 21-CV-1239-JES-

---

[4] The Court is dismissing Plaintiff's complaint for the reasons stated and thus need not address Defendant's argument that Plaintiff's claims are expressly preempted by the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§343 or the label does not violate relevant FDA regulations, 21 C.F.R. §163.130. Nevertheless the Court agrees with Plaintiff that the complaint is not asserting an FDCA claim or trying to enforce FDA regulations.

JEH, 2022 WL 1813891, at *5; *Wach v. Prairie Farms Dairy, Inc.*, No. 21 C 2191, 2022 WL 1591715, at *6 (N.D. Ill. May 19, 2022) (explaining that the conclusion that the product's labeling was not false, misleading, or deceptive as a matter of law was also fatal to the claims including for breach of express and implied warranties).

Because the state law warranty claims fail, the MMWA claim also fails. *See Rice*, No. 21 C 3814, 2022 WL 3908665, at *5 ("because [plaintiff's] MMWA claim is based on his state law warranty claims, it also fails as a matter of law"); *Lederman*, No. 21-CV-4528, 2022 WL 3573034, at *6 (dismissing MMWA claim because the consumer's ability to state a claim under the MMWA depended on a viable underlying state-law warranty claim).

The negligent misrepresentation and unjust enrichment claims are also based on the same theory. Compl. ¶ 111 ("Defendant had a duty to truthfully represent the Product, which it breached"), and *id*. ¶¶ 118 ("Defendant obtained benefits and monies because the Product was not as represented"). Negligent misrepresentation requires a false statement of material fact. *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007). Plaintiff concedes that "Defendant is correct that Plaintiff's claim of unjust enrichment 'is predicated on the same allegations of fraudulent conduct that support an independent claim of fraud.'" (Dkt. 14 at 20). Where "an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim – and, of course, unjust enrichment will stand or fall with the related claim." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011). *See*

10

also *Lederman*, No. 21-CV-4528, 2022 WL 3573034, at *6-7 (where ICFA claim failed, negligent misrepresentation and unjust enrichment claims failed as well). Accordingly, the warranty, MMWA, negligent misrepresentation and unjust enrichment claims are dismissed.

### III. Conclusion

For the stated reasons, Defendant's Motion to Dismiss [11] is granted. Plaintiff is given leave to file an amended complaint by October 24, 2022, if Plaintiff has a good faith basis for doing so. Otherwise the dismissal of this complaint will convert to dismissal with prejudice.

E N T E R:

Dated: September 29, 2022

MARY M. ROWLAND
United States District Judge